UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
COOPER FOODS INTERNATIONAL, LLC,

               Plaintiff,

    v.

DAVID YOURD, KARRIE KIMBLE, and
BEQUEST PARTNERS, LLC,

               Defendants.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

24-CV-1757 (LDH) (LKE)

**Lara K. Eshkenazi, United States Magistrate Judge:**

Before the Court is the motion of Plaintiff Cooper Foods International, LLC ("Plaintiff" or "Cooper") for sanctions against Defendant David Yourd ("Yourd") related to Plaintiff's allegation that Yourd intentionally spoliated key evidence. For the reasons set forth below, the Court denies Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff is a limited liability company that is "in the business of selling rare and specialty foods (*e.g.*, truffles, caviar, specialty meat) to distributors, restaurants, and individuals across the country." (Compl., ECF No. 1 ¶ 5.) Plaintiff's sole member is Ian Purkayastha. (*Id.* ¶ 5.) Defendant Bequest Partners, LLC ("Bequest") is a limited liability company composed of two members — Defendants Yourd and Karrie Kimble ("Kimble"), who are married. (*Id.* ¶¶ 1, 8; Answer, ECF No. 8 ¶¶ 1, 8.) Through Bequest, Defendants Yourd and Kimble formerly owned 50% of the LLC membership interest of Cooper. (Compl. ¶ 6; Answer, ECF No. 9 ¶¶ 1, 8.)

On March 8, 2024, Plaintiff filed this diversity action alleging, *inter alia*, breach of contract and intentional misrepresentation relating to "the LLC Interest Redemption Agreement (the

"Agreement") which memorialized [Defendants'] business divorce from Cooper Foods and set forth negotiated conditions on the parties' future conduct." (Compl. ¶ 2.) On May 9, 2024, Defendants filed an Answer and asserted a counterclaim for anticipatory breach of contract against Plaintiff. (Answer.) The Court held an Initial Conference on August 20, 2024, and the Court set a discovery schedule. (Minute Entry dated 8/20/2024.)

On March 7, 2025, Plaintiff filed the instant motion requesting that the Court find that Defendant Yourd spoliated evidence and issue an adverse inference instruction to the factfinder. (Spoliation Mot., ECF No. 35.) Plaintiff argues that the Agreement bound each Defendant to (1) a "28-month non-compete in and around New York City (the 'Non-Compete');" (2) "a six-month non-solicitation of suppliers and vendors" and a prohibition on "inducing or causing a Cooper supplier or vendor to cease or minimize business with Cooper (the 'Non-Solicit')"; and (3) a Confidentiality Provision that required Defendants to "hold Confidential Information in strict confidence and not reveal or disclose [Plaintiff's] Confidential Information to any person or entity." (*Id.* at 2.) Plaintiff alleges that after signing the agreement, Yourd communicated, via the messaging application WhatsApp, with the principals of some of Plaintiff's competitors and suppliers, including Venturus Foods, LLC ("Venturus"), O-Med ("a Spanish olive oil producer"), and Losada Olives ("Losada") (collectively, the "Key Players"). (*Id.*; *see also* Compl. ¶¶ 22, 24, 31.) Plaintiff contends that Yourd intentionally enabled the auto-delete function on WhatsApp, called "Disappearing Messages," in July 2023, concealing his messages with the Key Players in anticipation of litigation related to his communications and potential violation of the Agreement. (Spoliation Mot. at 1-2; Spoliation Mot. Ex. B ("WhatsApp screenshots"), ECF No. 35 at 14-35.)

In support of its motion, Plaintiff cites Yourd's deposition testimony that he activated the auto-delete function because he "thought that [Cooper] was going to come after [him]," and he

2

didn't want his "private messages to be read with friends." (Spoliation Mot. Ex. A ("Yourd Depo."), ECF No. 35 at 278:5-8.) Plaintiff also cites to the deposition testimony of Renee Forys, the owner of Venturus (*see* Compl. ¶ 22; Pl's Mot. to Compel, ECF No. 42 at 1), that she (i) used WhatsApp to communicate with Yourd for both business and personal matters, and (ii) continued to communicate with Yourd via WhatsApp during the period when Yourd enabled Disappearing Messages. (Reply in Supp. of Pl's Spoliation Mot. Ex. A ("Forys Depo."), ECF No. 39-1 at 84:3-18.)

## II. DISCUSSION

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). Both parties acknowledge that the potential WhatsApp messages at issue constitute Electronically Stored Information ("ESI") and are thus governed by Federal Rule of Civil Procedure 37(e). (*See* Spoliation Mot. at 4-5; Defendants' Supplemental Opposition ("Supp. Opp."), ECF No. 38 at 9.) As a threshold issue, when a party moves for sanctions pursuant to Rule 37(e), the movant must show "that the sought-after evidence *actually existed and was destroyed*." *Farella v. City of New York*, No. 05-CV-5711 (NRB), 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007) (emphasis in original); *see also Abreu Bautista v. Pagan-Rodriguez*, No. 24-CV-631 (JMF), 2025 WL 1730213, at *4 (S.D.N.Y. June 23, 2025) ("By definition, therefore, 'spoliation sanctions can be imposed *only when the party seeking such sanctions demonstrates that relevant evidence has been lost*.'" (quoting *La Belle v. Barclays Capital, Inc.*, 340 F.R.D. 74, 81 (S.D.N.Y. 2022)) (emphasis in original).

To meet its initial burden of showing that relevant evidence existed and was destroyed, Plaintiff argues that Yourd used one WhatsApp channel to communicate with Renee Forys for

3

both business and personal matters (Forys Depo. at 84:3-18), and that Forys testified in her deposition that WhatsApp was her "primary" method of communication with Yourd "in the fall of 2022, '23, '24." (*Id.* at 46:11-24.) Plaintiff contends that because Forys and Yourd usually communicated over WhatsApp during the relevant time period, and Yourd enabled Disappearing Messages at some point during that same time period, relevant messages must have been deleted. (*See* Reply in Supp. of Pl's Spoliation Mot. ("Reply"), ECF No. 39 at 2-3.) Plaintiff further argues that it would be impossible "to prove that the automatically destroyed messages existed…because Yourd intentionally destroyed them specifically so that they would not be discovered in this litigation." (*Id.* at 2.) Simply put, Plaintiff insists that it cannot prove spoliation because Yourd spoliated evidence.

Plaintiff cannot meet its threshold burden of establishing the destruction of evidence because it does not offer sufficient evidence "that the allegedly missing [messages] ever existed" to be destroyed by Yourd. *Riddle v. Liz Claiborne, Inc.*, No. 00-CV-1374 (MBM) (HBP), 2003 WL 21976403, at *2 (S.D.N.Y. Aug. 19, 2003) (finding plaintiff provided no evidence that allegedly spoliated evidence ever existed where she cited to the fact that the documents produced were "not uniform" and did "not comply with [the defendant's] internal practices…"). Plaintiff argues that because Yourd and Forys normally communicated via WhatsApp, including about some business matters, there must have been business-related messages sent during the time period when Yourd enabled Disappearing Messages. (*See* Forys Depo. at 46:11-24, 84:3-18; Reply at 2-3.) This speculative assertion fails to establish that there were indeed any messages—much less, messages relevant to the claims in this action—sent during that time period. The Court cannot conclude that evidence existed during the time that the Disappearing Messages feature was enabled simply based on the existence of similar evidence during other time periods. Thus, because

4

Plaintiff has not offered sufficient evidence that any messages actually existed in the WhatsApp threads and were later deleted, its motion for spoliation must be denied. *See Tri-Cnty. Motors, Inc. v. Am. Suzuki Motor Corp.*, 494 F. Supp. 2d 161, 177 (E.D.N.Y. 2007), *aff'd*, 301 F. App'x 11 (2d Cir. 2008) ("[S]peculative assertions as to the existence of documents do not suffice to sustain a motion for spoliation of evidence.")

Even assuming *arguendo* that the alleged WhatsApp messages existed, Plaintiff would be unable to prevail on a spoliation claim under the three-part spoliation analysis. The Court must evaluate the following three elements:

> The first is to decide if the rule applies at all – that is, if a party failed to take "reasonable steps" to preserve ESI "that should have been preserved in the anticipation or conduct of litigation." Fed. R. Civ. P. 37(e). If so, then the second step is to decide if there has been "prejudice to another party from loss of the information," in which case the Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Lastly, the third step to consider – regardless of prejudice to any other party – is whether the destroying party "acted with the intent to deprive another party of the information's use in the litigation," in which event a court may consider whether to impose the most severe of measures such as mandatory presumptions or instructions that the lost information was unfavorable or the entry of default judgment.

*N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 754 F. Supp. 3d 373, 381-82 (E.D.N.Y. 2024) (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 494 (S.D.N.Y. 2022)). As noted above, "an adverse inference instruction—the sanction that plaintiff seeks here—is among 'the most severe of measures.'" *Gerges v. LGA 2020 JV LLC*, No. 22-CV-6993 (ARR) (RML), 2025 WL 1272922, at *2 (E.D.N.Y. Feb. 28, 2025) (quoting *N. Am. Soccer League, LLC*, 754 F. Supp. 3d at 381-82).

As to the first step, "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may

5

be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). "Specifically, a party has a duty to 'preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.'" *Karlyg v. City of New York*, No. 20-CV-991 (PKC) (CLP), 2024 WL 4333858, at *5 (E.D.N.Y. Sept. 28, 2024) (quoting *Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-CV-9363, 2018 WL 1512055, at *10 (S.D.N.Y. Mar. 12, 2018)). "Identifying the boundaries of the duty to preserve involves two related inquiries: *when* does the duty to preserve attach, and *what* evidence must be preserved?" *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (emphasis in original).

Here, Plaintiff argues that because Yourd testified in his deposition that he anticipated this litigation as early as March 2023 (four months before enabling Disappearing Messages), he "therefore had a duty to preserve all communications with individuals related to entities which were the subject of the Agreement," including the Key Players. (Spoliation Mot. at 3; Yourd Depo. at 274: 2-11.) Plaintiff highlights Yourd's deposition testimony that he believed once Plaintiff sued O-Med, Plaintiff would sue Yourd in relation to Yourd's dealings with O-Med and "in general." (Yourd Depo. at 274:8-11, 276:11-25.) Plaintiff also highlights that Yourd turned on Disappearing Messages a few weeks after Plaintiff filed suit against O-Med.[1] In opposition, Defendants argue that "Defendants had not received any kind of document preservation notice from Plaintiff, any summons, or any indication that Defendants were *actually* going to be sued by Plaintiff when Defendant Yourd enabled Disappearing Messages." (Defendant's Opposition ("Opp."), ECF No. 36 at 4.) Defendants highlight that the instant suit was not filed until "8 months after the initiation

---

[1] *See Cooper Foods Int'l LLC v. Venchipa, S.L.*, No. 23-cv-4341 (N.D. Ill.) (Complaint filed July 6, 2023).

6

of the O-Med suit." (*Id.*) Moreover, Yourd testified that after he signed the Agreement, he believed Plaintiff would find a way to "come after him," making it "impossible for Yourd to reasonably calculate the…date a duty to preserve [was] triggered." (Yourd Depo. 276:11-21; Opp. at 4.)

Plaintiff has not offered sufficient evidence to establish that Yourd had a duty to preserve communications with Key Players eight months before this lawsuit was filed. *See Raymond v. City of New York*, No. 15-CV-6885 (LTS) (SLC), 2020 WL 7055572, at *11 (S.D.N.Y. Dec. 2, 2020) ("While the duty to preserve may predate the filing of a complaint, such as by the filing of a notice of claim, Plaintiff[] do[es] not provide any facts that would have put Defendant[] on notice that litigation…was reasonably foreseeable."); *Scalera v. Electrograph Sys., Inc.*, 262 F.R.D. 162, 172 (E.D.N.Y. 2009) (finding no duty to preserve was triggered in a disability discrimination case even when a former employee filed a worker's compensation claim because the employer should not have reasonably anticipated that the worker would later file the disability discrimination case.) Neither Yourd's general awareness of Plaintiff's lawsuit against O-Med, nor his opinion that Plaintiff would likely sue him in the future triggered the need to preserve all communications with Key Players. Because Plaintiff fails to identify a relevant moment when Yourd should have "reasonably anticipate[d]" this specific litigation, Plaintiff cannot show that the duty to preserve attached to the alleged WhatsApp messages. *See Caltenco v. G.H. Food, Inc.*, No. 16-CV-1705 (LDH) (VMS), 2018 WL 1788147, at *4 (E.D.N.Y. Mar. 7, 2018).

Moreover, even if Yourd had a duty to preserve evidence months before this lawsuit was filed, Plaintiff would still need to show that the allegedly spoliated evidence is relevant to the claims currently before the Court. *See Zubulake*, 220 F.R.D. at 217; *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 23–24 (S.D.N.Y. 2010) ("Evidence that must be preserved includes …[ESI]…that the party knows or reasonably should know is relevant to claims or defenses in the action, is reasonably

7

calculated to lead to the discovery of admissible evidence, or is reasonably likely to be requested during discovery.") Considering Plaintiff does not know if any WhatsApp messages ever existed, it necessarily follows that it cannot opine on the potential relevance of those messages. As such, Plaintiff is unable to show that any potential WhatsApp Messages would have triggered a duty to preserve.

While the Court understands the inherent difficulty of proving the relevance of any potential messages sent after Disappearing Messages was enabled, that challenge is not insurmountable. As Plaintiff concedes, there were a number of participants in those messaging threads (Spoliation Mot. at 1), and presumably, Plaintiff could have obtained discovery from those participants either through deposition testimony or other means to determine the content of those messages. While Plaintiff deposed one other participant, Renee Forys, as discussed below, her testimony did not provide any specifics as to which WhatsApp thread contained relevant information for Plaintiff's claims in this case. (*See* Forys Depo. at 84:3-18, 46:11-24.)

In light of Plaintiff's failure to demonstrate the relevance of the allegedly destroyed messages, the Court need not consider whether Plaintiff suffered any prejudice as a result of the deleted messages. For the sake of completeness, however, the Court will evaluate "the information's importance in the litigation" and "whether the evidence plausibly suggests that the [allegedly] spoliated ESI could support the moving party's case…" *Karlyg*, 2024 WL 4333858, at *7 (internal quotations omitted). Plaintiff argues that the alleged WhatsApp messages were "critically relevant to Plaintiff's claims" because the Key Players worked with businesses that were subject to the Non-Compete and Non-Solicit provisions of the Agreement and the Complaint alleges that Defendants, including Yourd, "improperly shared Confidential Information in their dealings with those parties." (Spoliation Mot. at 4; Compl., ¶¶ 17, 29-32, 64.) In opposition, Yourd

8

argues that he produced many WhatsApp messages between himself and the Key Players during the relevant time period, showing that he has attempted "to provide comprehensive discovery of all potentially relevant communications." (Supp. Opp. at 10.) Moreover, Yourd "testified that the conversations for which he turned on disappearing messages were simply 'private messages' with 'friends' and that the communications were 'personal.'" (*Id.* (quoting Yourd Depo. at 278:11–278:10, 282:24–283:2).)

To the extent Plaintiff relies on the deposition of Renee Forys to counter Yourd's testimony that the threads for which he enabled Disappearing Messages were private messages among friends, that testimony does not prove as much as Plaintiff suggests. Plaintiff cites Forys's deposition testimony that she "casually" spoke with Yourd and Kimble via WhatsApp and that she did not have separate threads to speak with them about business matters and personal matters. (Forys Depo. at 83:17-84:18.) Forys also testified that WhatsApp was her primary mode of communication with Yourd and Kimble and that she continued to use WhatsApp to communicate with them from fall of 2022 through 2024. (*Id.* at 46:11-24.) Plaintiff relies on this testimony as confirmation that she and Yourd "continued to communicate regularly via WhatsApp during the period when Yourd enabled the auto-delete function." (Reply at 3.) Plaintiff attempts to bolster its argument by highlighting the fact that in the four months *prior* to Yourd enabling Disappearing Messages, he and Kimble chatted with Forys on 29 separate days about business and personal matters. (*Id.* at 4.) Plaintiff's argument goes too far, however, in insisting that Forys's testimony disproves Yourd's "argument that these were exclusively personal messages with friends." (*Id.* (internal quotation omitted).) Nothing in Forys's testimony suggests that Yourd could not have created a separate thread for personal discussions even if he never ended up sending any messages on that thread. It is also not clear from Forys's testimony whether she would have been aware of

9

separate threads being created. As she testified, they "spoke casually through whatever means [and] [t]here was no strategy behind it." (Forys Depo. at 83:24-84:2.) At best, her testimony merely confirms that she and Yourd regularly used WhatsApp to communicate, without offering any specifics on whether they used different WhatsApp threads for their communications.

More significantly, Plaintiff fails to pinpoint any testimony establishing that Forys communicated with Yourd about business matters that were relevant to Plaintiff's claims in this case during the time when Disappearing Messages was enabled. While "[c]ases finding prejudice often point to circumstantial evidence that gives rise to an inference the spoliated evidence would help the movant's case," "mere speculation…alone…is insufficient to show that the loss of [ESI] is prejudicial to [Plaintiff]." *Karlyg*, 2024 WL 4333858, at *7-8 (internal quotations omitted). Here, the Court cannot find prejudice based on Plaintiff's speculation that certain WhatsApp messages once existed that potentially supported its case, but those messages were deleted due to Yourd enabling Disappearing Messages. *See Fecteau v. City of Mount Vernon*, No. 23-CV-9173 (KMK), 2025 WL 873018, at *19 (S.D.N.Y. Mar. 20, 2025) (finding that "[a]lthough the [ESI]—were it to depict what Plaintiff asserts it did—may have bolstered Plaintiff's claims, the *lack* of said [ESI] at this stage of the litigation does not undermine them.")

For the final step of the spoliation analysis, Rule 37(e)(2) "requires a finding of intent to deprive another party of the information's use in the litigation," thus "[a] party's acting negligently or knowingly will not suffice to justify the sanctions enumerated in Rule 37(e)(2)." *Hoffer v. Tellone*, 128 F.4th 433, 438 (2d Cir. 2025) (internal citation omitted). "[T]he intent to deprive standard is both stringent and specific, and contemplates not merely the intent to perform an act that destroys ESI but rather the intent to actually deprive another party of evidence." *Id.* at 440 (internal quotations omitted). Plaintiff argues that Yourd testified that he

10

enabled the Disappearing Messages function so that no one could view his "private messages" with "friends" when Plaintiff eventually sued him. (Spoliation Mot. at 4 (quoting Yourd Depo. at 278: 5-10).) In opposition, Yourd argues that he could have enabled Disappearing Messages for all communications with the Key Players, but instead produced many communications to Plaintiff. (Opp. at 5.) He further argues that he "took preemptive steps to protect his private conversations with friends—which would otherwise have nothing to do with the facts and circumstances at issue in this lawsuit—from unwarranted future scrutiny … while leaving everything potentially related to the lawsuit intact." (Supp. Opp. at 10.)

Plaintiff has not offered sufficient evidence to show that Yourd's intent in enabling Disappearing Messages was to deprive Plaintiff of relevant evidence. Plaintiff can only cite to Yourd's testimony acknowledging his awareness that Plaintiff would likely sue Yourd, but also explicitly stating his motivation in activating the Disappearing Messages feature was to protect private conversations with friends. While Plaintiff offers a plausible interpretation of Yourd's decision to enable Disappearing Messages, "given that the presented evidence is capable of more than one interpretation", *Karlyg*, 2024 WL 4333858, at *8 (internal quotations omitted), the Court cannot ignore the equally plausible explanation offered by Yourd to conclude that Yourd intended to deprive Plaintiff of evidence in this case.

Finally, Defendants request reasonable attorney's fees (Opp. at 5) for responding to a discovery motion, pursuant to Rule 37(a)(5)(B). Fed. R. Civ. P. 37(a)(5)(B). "When a motion to compel discovery under Rule 37 is denied, Rule 37(a)(5)(B) requires courts to award the party opposing the motion 'its reasonable expenses ... including attorney's fees' unless 'the motion was substantially justified or other circumstances make an award of expenses unjust.'" *Data Collective II, L.P. v. Baron Cap. Mgmt. Inc.*, No. 25-MC-57 (JAV), 2025 WL 1380122, at *3 (S.D.N.Y. May

11

13, 2025) (quoting Fed. R. Civ. P. 37(a)(5)(B)). "[I]f a motion to compel is denied, the court shall not order payment of reasonable expenses including attorney's fees if the motion was substantially justified," which "is determined by an objective standard of reasonableness and does not require that the party have acted in good faith." *6340 NB LLC v. Capital One, N.A.*, No. 20-CV-2500 (OEM) (JMW), 2023 WL 7924176, at *8 (E.D.N.Y. Nov. 16, 2023) (internal citations omitted). The Court finds that Plaintiff's motion was reasonable and "not so lacking in substantial justification as to warrant an award of fees," and, therefore, denies Defendant's request for attorney's fees. *Callahan v. HSBC Sec. (USA) Inc.*, No. 22-CV-8621 (JPO), 2025 WL 1404492, at *3 (S.D.N.Y. May 15, 2025).

### III.  CONCLUSION

For the forgoing reasons, the Court denies Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 37(e) and Defendants' request for attorney's fees pursuant to Fed. R. Civ. P. 37(a).

**SO ORDERED.**

Brooklyn, New York
September 17, 2025

_____
LARA K. ESHKENAZI
United States Magistrate Judge